UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC, a
limited liability company,

    Plaintiff,

v.                                            Case No. 8:23-cv-1121-TPB-MRM

JOHN DOE, subscriber assigned IP
address 69.73.78.61, an individual,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO FILE THIRD PARTY SUBPOENA**

Plaintiff Strike 3 Holdings, LLC, alleges copyright infringement against John Doe, an unnamed defendant, for unlawfully reproducing and distributing Strike 3's copyrighted adult films. (Doc. 1). Strike 3 now moves for leave to serve a third-party subpoena on Doe's Internet Service Provider ("ISP"), to learn Doe's identity prior to a Rule 26(f) conference. (Doc. 8.)[1]

Under Rule 26(d)(1), a party generally may not seek discovery from any source before the Rule 26(f) conference absent an order of the court or other special circumstance. The court may grant a party expedited discovery prior to the Rule

---

[1] Plaintiff's motion states that Doe's ISP is "WideOpenWest," while its proposed subpoena is addressed to "WOW! Internet-Phone-Cable." *See* (Doc. 8, at 5; Doc. 9-1). The latter appears to be a tradename used by the former, *but Plaintiff should take care that its subpoena properly names the ISP.*

26(f) conference upon a showing of good cause. *See United States v. Gachette*, No. 6:14-cv-1539-Orl-37TBS, 2014 WL 5518669, at *1 (M.D. Fla. Sept. 26, 2014); *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008). "In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim." *Manny Film LLC v. Doe*, No. 8:15-cv-507-T-36-EAJ, 2015 WL 12850566, at *1 (M.D. Fla. May 18, 2015) (citing *Arista Records v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

Strike 3 has shown good cause for expedited discovery. First, Strike 3 alleges a concrete prima facie case of infringement. The complaint states that Strike 3 holds copyrights for several adult films that have been copied and distributed by Doe without permission or authority using the BitTorrent system, as demonstrated through a forensic investigation which reasonably confirms that Doe's IP address was being used on the BitTorrent network to reproduce and display Plaintiff's copyrighted work. (Doc. 1; Doc. 8). Next, Strike 3 has identified the specific information sought through the requested discovery – Doe's name and address – so that it may effectuate service of process on Doe in this case. (Doc. 8, at 8-10). Finally, Strike 3 has successfully shown that it has no way to obtain Doe's identity using only Doe's IP address other than to seek Doe's identity from Doe's ISP. (Doc.

8, at 9-10).  Strike 3 has further shown that the subpoenaed information is required for Strike 3 to serve Doe, to conduct the Rule 26(f) conference, and to advance its infringement claim.  (Doc. 8, at 10-11).  Other courts have concluded there was good cause for limited, early discovery on similar facts.  *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 8:23-cv-838-SDM-AAS, 2023 WL 4033682, at *1 (M.D. Fla. May 4, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 8:22-cv-765-KKM-CPT, 2022 WL 1721034, at *2 (M.D. Fla. May 27, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 3:19-cv-508-J-34JRK, 2019 WL 10787748, at *2 (M.D. Fla. May 23, 2019).  Thus, the Court concludes that Strike 3 has shown good cause to issue a third-party subpoena prior to the Rule 26(f) conference, subject to the procedural safeguards set forth below.

Based on the foregoing, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. "Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference" (Doc. 8) is **GRANTED** as set forth herein.

2. Plaintiff may serve the Defendant's ISP with a Rule 45 subpoena to determine the name and address of the person to whom the ISP assigned IP address 69.73.78.61.  Plaintiff may also serve a Rule 45 subpoena on any other ISP that may be later identified in response to the initial subpoena.

3. Plaintiff shall attach a copy of the complaint (Doc. 1), its attachments, and this Order to any subpoena.

4. Any ISP that receives a subpoena under this Order shall not assess any charge to Plaintiff in advance of providing the information requested in the subpoena; however, an ISP may elect to charge a reasonable amount for the costs of production.

5. Any ISP that receives a subpoena under this Order shall preserve all subpoenaed information pending the ISP delivering such information to Plaintiff or the final resolution of a motion to quash the subpoena.

6. Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its complaint.

7. Once the identity of the Defendant is discovered, Plaintiff must notify the Defendant, or Defendant's counsel if represented, of Plaintiff's intent to name and serve the Defendant at least fourteen (14) days prior to seeking an issuance of a summons from the Clerk for the identified Defendant.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of July, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**